IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHA KELLY, | ) | CASE NO. 1:13-CV-00848 |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) | |
| DAVID BROOKS, et. al., | ) | |
| Defendants. | ) | |

**STIPULATED CLAWBACK ORDER**

WHEREAS, Plaintiff submitted Request for Production of Documents to University Hospitals Medical Group and University Health System's Inc. (collectively Defendants) on September 11, 2013;

WHEREAS, Defendants intend to produce electronically stored information ("ESI") responsive to Plaintiff's document request, but due to the volume and nature of this ESI, Defendants represent that there is the possibility that protected health information ("PHI"); social security numbers; and certain privileged material (including work product) may be produced inadvertently;

WHEREAS Defendants represent that they have made reasonable efforts to identify and withhold from production any document for which they believe has a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege; and

WHEREAS Defendants represent that they have made reasonable efforts to identify all

PHI and social security numbers contained within the ESI that it will produce to Plaintiff;

THEREFORE, it is ORDERED:

1. For purposes of this Clawback Order an "Inadvertently Produced Document" is a paper document or item of electronically stored information produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege, or that contains protected personal health care or other private information. To the extent that the ESI produced by Defendants contains PHI, or social security numbers, Defendants are hereby ordered and authorized to produce such ESI under the terms of this Clawback Order, which is issued in accordance with HIPAA regulations, 45 C.F.R. § 164.512(e)(1)(i).

2. Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind, for the purposes of this proceeding or any other proceeding in any other court.

3. Plaintiff's counsel shall promptly notify Defendants' counsel in writing as to any ESI that they have specifically reviewed and found to contain PHI, bank account numbers or social security numbers, regardless of whether Plaintiff's counsel intends to disclose such PHI or social security numbers to anyone (including Plaintiff). The parties shall then agree on a method of redaction of such information so that the document may be used in the case without the disclosure of such information.

4. As to any ESI or other document that a party or its counsel has specifically reviewed and that appears on its face to be subject to attorney-client privilege, work-product protection, or other applicable privilege, the party and its counsel shall refrain from any further

examination or from any disclosure of such document until the party's counsel has provided reasonably prompt written notice to counsel to the producing party that such document appears to be an Inadvertently Produced Document. Upon receiving such written notice, the producing party shall provide reasonably prompt written notice to the reviewing party's counsel indicating whether the producing party considers the document in question to be an Inadvertently Produced Document.

5. A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

6. Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return the Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document, subject to the party's entitlements under Paragraph 7.

7. To the extent that the sensitive information contained in claimed or identified to be an Inadvertently Produced Document has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester

such documents until the status of the document has been resolved. If the receiving party has disclosed a document claimed to be an Inadvertently Produced Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

8. The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document, and the parties shall then engage in a good faith effort to resolve their dispute. If the dispute cannot be resolved after good faith effort, it shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

9. After dismissal or entry of final judgment not subject to further appeal, Plaintiff's counsel shall promptly return to counsel to Defendants all ESI that has not been reviewed by Plaintiff's counsel, or that has been reviewed by Plaintiff's counsel and found to contain unredacted PHI or social security numbers.

*So Ordered.*

Dated: _____

_____
JUDGE PATRICIA A. GAUGHAN

| | |
|---|---|
| **WE SO MOVE/STIPULATE** <br> **and agree to abide by the** <br> **terms of this order** <br><br> /s/Heather M. Lutz <br> Barton A. Bixenstine (0034130) <br> Heather M. Lutz (0082237) <br> Vorys, Sater, Seymour and Pease LLP <br> 2100 One Cleveland Center <br> 1375 East Ninth Street <br> Cleveland, OH 44114-1724 <br> Telephone (216) 479-6100 <br> Facsimile (216) 479-6060 <br> Email  babixenstine@vorys.com <br>              hmlutz@vorys.com <br><br> *Attorneys for Defendants University Hospitals Health Systems, Inc., University Hospitals Medical Group, Inc., and David Brooks* | **WE SO MOVE/STIPULATE** <br> **and agree to abide by the** <br> **terms of this order** <br><br> /s/Brendan D. Healy <br> Christopher P. Thorman (0056013) <br> Brendan D. Healy (0081225) <br> THORMAN PETROV GRIFFIN CO. L.P.A. <br> 3100 Terminal Tower <br> 50 Public Square <br> Cleveland, Ohio 44113 <br> Phone (216) 621-3500 <br> Fax (216) 621-3422 <br> Email  cthorman@tpgfirm.com <br>              bhealy@tpgfirm.com <br><br> *Attorney for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Heather M. Lutz

*One of the Attorneys for Defendants
University Hospitals Health System, Inc.,
University Hospitals Medical Group and
David Brooks*